# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:16-cv-00355-TLS-SLC |
| | ) |
| BEAMALLOY RECONSTRUCTIVE | ) |
| MEDICAL PRODUCTS, LLC, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **OPINION AND ORDER**

This matter is before the Court following the submission of 22 documents for an *in camera* review by Defendants Beamalloy Reconstructive Medical Products, LLC, and Beamalloy Technologies, LLC (together "Beamalloy"). (*See* DE 93-DE 115).

On November 16, 2018, at oral argument on a motion to compel filed by Plaintiff Zimmer, Inc. ("Zimmer"), Zimmer made an oral motion for Beamalloy to submit 35 documents to the Court for an *in camera* review to determine whether the documents were protected by the work product doctrine. (DE 92); *see generally* Fed. R. Civ. P. 26(b)(3). Neither Beamalloy nor third-party intervenor Howmedica Osteonics Corp., objected to Zimmer's motion, and the Court granted it. (DE 92).

On November 30, 2018, Beamalloy submitted 22 documents for an *in camera* review. (DE 94-DE 115). Beamalloy did not submit 13 of the documents it was ordered to because, prior to its *in camera* submission, Beamalloy determined that these 13 documents were "benign," withdrew its claim of privilege over them, and turned them over to Zimmer. (DE 93). Beamalloy also submitted a privilege log with an entry for each of the 22 documents to be reviewed, but it did not otherwise elaborate on its claim that the documents were protected work

product. (*See* DE 93 at 2-5). Zimmer responded to Beamalloy's *in camera* submission by requesting that the Court order Beamalloy to pay attorney's fees and costs that Zimmer incurred in litigating the production of the 13 "benign" documents. (DE 116; DE 117; DE 121).

"The work product doctrine protects against disclosure [of] mental impressions, conclusions, opinions or legal theories of an attorney concerning litigation, and all documents prepared by or for an attorney in anticipation of litigation." *Baxter Travenol Labs., Inc. v. Abbott Labs.*, No. 84 C 5103, 1987 WL 12919, at *10 (N.D. Ill. June 19, 1987) (citation omitted). "The work product doctrine shields material prepared by agents for the attorney as well as those prepared by the attorney himself." *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 217 (N.D. Ill. 2013) (citation and internal quotation marks omitted). Thus, the court must examine the purportedly protected documents to determine whether they actually convey an attorney's thought process and mental impressions; documents that are not "primarily legal in nature" or that were created "in the ordinary course of business" are not afforded the protection of the work product doctrine. *Woodard v. Victory Records, Inc.*, No. 14 CV 1887, 2014 WL 2118799, at *8 (N.D. Ill. May 21, 2014) (citations omitted). It is axiomatic that the "mere assertion" of privilege or protection is not enough. *Logan v. Commercial Union Ins. Co.*, 93 F.3d 971, 976-77 (7th Cir. 1996); *see also United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). "[T]he party asserting privilege must prove the existence of objective facts establishing an identifiable resolve to litigate." *Heriot v. Byrne*, 257 F.R.D. 645, 663 (N.D. Ill. 2009) (citation and internal quotation marks omitted).

"In deciding whether documents are protected as work product, the court must first determine at what point [Bemalloy] reasonably anticipated litigation." *Woodard*, 2014 WL 2118799, at *8 (citing *Lewis v. Keen Transp., Inc.*, No. 09 CV 3912, 2011 WL 814860, at *3

(N.D. Ill. Feb. 28, 2011)). It is not enough that litigation eventually ensues, the work product doctrine applies only when there was an "identifiable prospect of litigation because of specific claims that have arisen." *RBS Citizens*, 291 F.R.D. at 217 (citation and internal quotation marks omitted). "To identify work product, courts are directed to determine 'whether in light of the factual context the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Id*. (quoting *Logan*, 93 F.3d at 976-77).

A party asserting that documents are protected by the work product doctrine must describe the following information for each document: "the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged." *Muro v. Target Corp.*, No. 04 C 6267, 2006 WL 3422181, at *2 (N.D. Ill. Nov. 28, 2006) (citation omitted). This information should provide sufficient detail to allow the Court to determine whether the privilege or protection applies. *Id*.

Beamalloy's privilege log (DE 93 at 2-5) fails to provide information that would enable the Court to determine whether the 22 documents submitted for an *in camera* review are actually protected by the work product doctrine. *See N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307 (D.D.C. 2009) ("Stated in another way, the Court does not leave its common sense at the door when it examines a privilege log and the legitimate inferences that it draws from an entry in a privilege log may rescue that entry from being condemned as inadequate in the first place- relieving the Court of any obligation to review it *in camera*—even though the privilege log as to that entry could and should have been more specific."). Beamalloy may "no longer rest on the privilege log, but bears the burden of establishing an evidentiary basis—by affidavit, deposition transcript, or other evidence—for each element of each privilege/protection claimed for each

document or category of document." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D. Md. 2008); *see RBS Citizens, N.A.*, 291 F.R.D. at 220 (observing that a party must support a claim of work product protection by submitting factual material, including affidavits, to support its claim (citing *Acosta v. Target Corp.*, 281 F.R.D. 314, 323 (N.D. Ill. 2012))).

Accordingly, the Court, *sua sponte*, ORDERS Beamalloy to submit for further review on the record, on or before January 29, 2019, affidavits, deposition transcripts, or other evidence supporting its claim of work product protection—that is, the "date, the author and all recipients, along with their capacities, the subject matter of the document," *Muro*, 2006 WL 3422181, at *2, and the "legal nature," *Woodard*, 2014 WL 2118799, at *8 (citation omitted)—for each of the 22 documents it submitted for an *in camera* review. Beamalloy is further ORDERED to specify in its evidentiary submission "at what point [Beamalloy] reasonably anticipated litigation" against Zimmer. *Id.* (citation omitted). The Court will take Zimmer's request for attorney's fees and costs incurred in litigating the production of the 13 "benign" documents (DE 116) under advisement.

SO ORDERED.

Dated this 15th day of January 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge