UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:16-cv-00355-HAB-SLC |
| | ) |
| BEAMALLOY RECONSTRUCTIVE | ) |
| MEDICAL PRODUCTS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

### I. BACKGROUND

Before the Court is a motion and attached exhibits filed by Plaintiff Zimmer, Inc. ("Zimmer"), seeking an award of $52,689.49 in attorney's fees that it incurred litigating a motion to compel against Defendants Beamalloy Reconstructive Medical Products, LLC, and Beamalloy Technologies, LLC (together "Beamalloy"). (DE 133; *see generally* DE 131). On March 21, 2019, the Court granted Zimmer's motion to compel with respect to all but two documents and gave Zimmer leave to file a motion for an award of attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A).[1] (DE 131 at 31).

Beamalloy filed a response to Zimmer's motion, and Zimmer filed a reply. (DE 135; DE 137). Thus, the motion is ripe for ruling. For the reasons discussed below, the Court will grant Zimmer's motion but reduce the award by $1,317.98, for a total award of $51,371.51.

---

[1] The Court's Opinion and Order of March 21, 2019, includes several defined terms and a recitation of the relevant factual background in this case. (*See* DE 131). By reference, the Court incorporates those defined terms and background in this Opinion and Order.

## II. DISCUSSION

### A. Legal Standard

Rule 37(a)(5)(A) provides that "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The rule presumptively requires the loser "to make good the victor's costs." *Rackemann v. LISNR, Inc.*, No. 117CV00624MJDTWP, 2018 WL 3328140, at *2 (S.D. Ind. July 6, 2018) (citation and internal quotation marks omitted); *see Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). Yet, a court must not order fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999). "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party to obtain such an award." *Steadfast Ins. Co.*, 1999 WL 446691, at *1 (citation omitted); *see also Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008).

### B. The Email Discovery

#### 1. Substantially Justified

Under Rule 37(a)(5)(A)(ii), a party's resistance to discovery is "substantially justified" when there is "a genuine dispute."[2] *Rackemann*, 2018 WL 3328140, at *3 (citing *Fogel v.*

---

[2] Beamalloy and Zimmer disagree regarding the standard for "substantially justified" under Rule 37(a)(5)(A)(ii). Zimmer maintains that the test is whether Beamalloy knew or should have known that materials sought were discoverable. Beamalloy argues that the test is whether its opposition to producing the materials was an "unreasonable, frivolous or completely unsupportable reading of the law." (DE 135 at 3). Beamalloy cites two

*Bukovic*, No. 11 C 1178, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011)). Put another way, resistance is substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation omitted).

In opposing Zimmer's motion to compel, Beamalloy argued that the burden of producing the Email Discovery outweighed any potential relevance. The Court disagreed and determined that Beamalloy: (1) was aware that the Email Discovery contained relevant information; (2) did not provide evidence that White or Lazear went through their email accounts or turned over all relevant documents contained therein; and (3) did not provide evidence that it would suffer any undue burden in producing the Email Discovery. (*See* DE 131 at 7-9). In short, Beamalloy failed to substantiate its proportionality argument.

Here, Beamalloy contends that its proportionality argument substantially justified resisting Zimmer's motion to compel because the argument was made "in good faith" and was not "frivolous." (DE 135 at 3). This argument is little more than a repackaged version of Beamalloy's proportionality argument.

In opposing Zimmer's motion to compel, Beamalloy was aware or should have been aware that the Email Discovery contained relevant information and that it had not supported its

---

cases in support of its argument, *Lamparelli Construction Co., Inc. v. Arrow Wood Products, Inc.*, No. 15-CV-00623-RJA-JJM, 2016 WL 1387239 (W.D.N.Y. Apr. 8, 2016), and *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258 (S.D.N.Y. 1995).
    There are two problems with Beamalloy's argument. First, neither case that Beamalloy cites was decided by a court within the Seventh Circuit Court of Appeals. Second, both cases state that "[w]hen a dispute involves *differing interpretations of the governing law*, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law. . . ." *Lamparelli Constr. Co., Inc.*, 2016 WL 1387239, at *1 (emphasis added) (citation and internal quotation marks omitted); *Bowne of New York City, Inc.*, 161 F.R.D. at 265 (emphasis added). But the discovery disputes at issue in Zimmer's motion to compel turned on a factual disagreement, not differing interpretations of law. (*See, e.g.*, DE 131 at 4). Specifically, the parties disagreed about whether certain materials were relevant to the parties' claims and defenses. Thus, the Court is not persuaded by Beamalloy's argument regarding the test for substantial justification. To the extent that Beamalloy's proprietary-privilege argument constitutes a "differing interpretation of law," Beamalloy did not withhold any discovery on the basis of this purported privilege, as will be discussed *infra*.

undue-burden claim. Thus, Beamalloy's proportionality argument was "entirely without merit," for purposes of Rule 37(a)(5)(A)(ii). *Watkins v. Trans Union, LLC*, No. 214CV00135WTLMJD, 2019 WL 336674, at *2 (S.D. Ind. Jan. 28, 2019), *R. & R. adopted*, No. 2:14-CV-135-WTL-MJD, 2019 WL 653095 (S.D. Ind. Feb. 15, 2019) (finding the defendant's argument that certain documents did not exist was "entirely without merit" because one of the defendant's witnesses contradicted this point during a deposition). Consequently, the Court is not persuaded that "reasonable people could differ as to the appropriateness" of Beamalloy's withholding the Email Discovery. *Pierce*, 487 U.S. at 565 (citation omitted).

2. <u>Unjust Under the Circumstances</u>

Beamalloy's argument under Rule 37(a)(5)(A)(iii) fares no better. Rule 37(a)(5)(A)(iii) bars awarding attorney's fees if doing so would be unjust. *See Rackemann*, 2018 WL 3328140, at *3. This exception is a "rather flexible catch-all provision." *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-CV-01020-RLY, 2014 WL 6453557, at *2 (S.D. Ind. Nov. 17, 2014).

Beamalloy relies on *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, No. 06-C-611-C, 2008 WL 2857270, at *1 (W.D. Wis. Jan. 25, 2008), in arguing that "malfeasance or scienter" are required to find a fee award just. However, the court in *Silicon Graphics, Inc.*, did not indicate that a fee award under Rule 37(a)(5)(A)(iii) requires the opposing party to act with malfeasance or scienter; rather, the court stated that the opposing party did not have malfeasance or scienter as one among other factual determinations. *See id*.

Furthermore, *Silicon Graphics, Inc.*, is distinguishable from this case. There, the court concluded that the party withholding discovery was "unaware that [the discovery] materials" were in its possession, creating a "genuine and legitimate difference of opinion" whether the material fell within the scope of the discovery request. *Id.* By contrast, Beamalloy knew that it

could produce the Email Discovery and that White and Lazear used their third-party email accounts to conduct business relevant to the issues in this case. (*See* DE 62-14 at 3; DE 63). Therefore, the Court will grant Zimmer's award request with respect to the Email Discovery.

**C. The Equipment/IBED Discovery**

1. <u>Substantially Justified</u>

In opposing the underlying motion to compel, Beamalloy asserted that the Equipment/IBED Discovery—in the form of documents and responses to questions at depositions—was not relevant because it concerned events beyond the scope of this case. Additionally, at depositions, Beamalloy's counsel instructed witnesses not to answer questions related to the Equipment/IBED Discovery because this information was purportedly protected by a "proprietary privilege." However, in its memoranda opposing Zimmer's motion to compel, Beamalloy did not raise this argument with respect to the Equipment/IBED Discovery.

The Court ordered Beamalloy to produce the Equipment/IBED Discovery for the following reasons: (1) Beamalloy failed to demonstrate the applicability of a purported proprietary privilege; (2) Beamalloy failed to justify its instruction to witnesses not to answer questions related to the Equipment/IBED Discovery; (3) the Equipment/IBED Discovery was reasonably calculated to lead to relevant information regarding the parties' claims and defenses in this case; and (4) Beamalloy had not articulated how it would suffer an undue burden by producing the Equipment/IBED Discovery. (*See* DE 131 at 9-14).

Now, Beamalloy argues that its resistance to Zimmer's motion to compel was justified because: (1) reasonable minds could differ regarding whether the proprietary privilege applied to the Equipment/IBED Discovery; and (2) culling and producing documents concerning the IBED process would not be proportionate to their relevance. Neither argument is persuasive.

5

There are two problems with Beamalloy's proprietary-privilege argument. First, Beamalloy provided the Court and Zimmer with privilege logs identifying 35 documents allegedly protected by a proprietary privilege. (*See* DE 82-2; *see also* DE 87; DE 93). However, Beamalloy withheld Equipment/IBED Discovery documents that were not identifying in its privilege logs.[3] In other words, according to its privilege logs, Beamalloy did not withhold Equipment/IBED Discovery documents due to a proprietary privilege. Second, Beamalloy withdrew its claim of proprietary privilege in favor of the work-product doctrine before the Court could rule on Zimmer's motion to compel. *Zimmer, Inc.*, 2019 WL 1318094, at *12-13; (*see also* DE 84 at 3). Therefore, Beamalloy's proprietary-privilege argument cannot justify its resistance to Zimmer's motion to compel because Beamalloy did not actually withhold the Equipment/IBED Discovery on the basis of that privilege.[4] *See Pierce*, 487 U.S. at 565 (citation omitted).

Next, Beamalloy contends that searching for and culling the Equipment/IBED Discovery will return documents and materials concerning IBED-coating processes that are distinct and unrelated to the IBED process at issue in this case. Beamalloy argues that it believed in good faith that the likelihood of inadvertently culling unrelated IBED materials rendered the Equipment/IBED Discovery disproportionate to the burden of production. However, Beamalloy did not offer this rationale in opposing Zimmer's motion to compel. (*See* DE 65; DE 84).

---

[3] For example, Beamalloy represents that communications and agreements with Howmedica fall within the scope of the business-strategy privilege (*see* DE 135 at 6) but the Court, having reviewed Beamalloy's privilege log and conducted an *in camera* review of 22 of the 35 documents comprising the Privilege Log Discovery, did not find any documents relating to communications or agreements with Howmedica (*see* DE 131 at 14-20; *see generally* DE 84 at 2; DE 93-DE 115).

[4] Additionally, the Court considered the merits of Beamalloy's proprietary-privilege argument and found that Beamalloy failed to cite any cases in federal court or Indiana state court recognizing a proprietary privilege. (DE 131 at 23 n.9). Beamalloy should have known that absent support from any applicable law, its proprietary-privilege argument would fail. *See Rackemann*, 2018 WL 3328140, at *3.

Furthermore, the scope of the Equipment/IBED Discovery, as articulated by Zimmer, does not include unrelated IBED-coating processes. (DE 131 at 10-12 (comparing Zimmer's rationale for producing the Equipment/IBED Discovery to claims and defenses in this case)). To the extent that Beamalloy might inadvertently cull unrelated IBED materials, this issue can likely be resolved by modifying the search criteria of the TAR protocol applied by the parties. (*See generally* DE 131 at 7 n.3; DE 47; DE 48).

Finally, neither Beamalloy's proprietary-privilege nor its relevance arguments justify its instruction to deposition witnesses not to answer questions related to the Equipment/IBED Discovery. Rule 30 unambiguously states that an attorney may instruct a witness not to answer a question at deposition only "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Beamalloy argued in briefing its opposition to Zimmer's motion to compel that the instruction was justified because responding to the questions could harm Beamalloy's business interests. (DE 131 at 10-11). Clearly, protecting a business interest does not fit into any provision of Rule 30(c)(2). To the extent that Beamalloy stated at depositions that its instruction was justified by a proprietary privilege, Beamalloy did not offer this argument in opposing Zimmer's motion to compel. Therefore, Beamalloy knew or should have known that its instruction to witnesses not to answer questions at depositions was inappropriate. *Rackemann*, 2018 WL 3328140, at *3.

### 2. Unreasonable Under the Circumstances

Similarly, the Court rejects Beamalloy's contention that circumstances would render it unjust to award Zimmer fees with respect to the Equipment/IBED Discovery. Beamalloy states that its "attempt to rely on emerging privilege from other courts was reasonable." (DE 135 at 8). However, as articulated *supra*, Beamalloy did not rely on this "emerging privilege" in resisting

7

the production of the Equipment/IBED Discovery. The Court is not inclined to apply this "catch-all" provision of Rule 37(a)(5)(A)(iii) where Beamalloy withdrew its privilege argument before the Court ruled on it. *Cf. Slabaugh*, 2014 WL 6453557, at *2 ("This is a flexible catch-all provision, which is of no assistance to a party that has waived [its] opposition arguments by filing an untimely response brief."). Therefore, the Court will award Zimmer fees with respect to the Equipment/IBED Discovery.

**D. Reasonable Fees**

"A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011)). "To determine a reasonable fee, the district court uses the lodestar method, multiplying the 'number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Pickett*, 664 F.3d at 639 (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983)); *see also Bankston v. State of Ill.*, 60 F.3d 1249, 1255 (7th Cir. 1995). "A reasonable rate is one derived from the market rate for the services rendered." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015) (citation and internal quotation marks omitted). "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012) (citation omitted).

The Court must also determine whether an attorney's requested award is for hours reasonably spent. *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 554 (7th Cir. 1999) ("After determining the number of hours 'reasonably expended,' the district court must determine a 'reasonable hourly rate.'" (quoting *Hensley*, 461 U.S. at 433)). "In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or

otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley*, 461 U.S. at 434).

Zimmer requests an award of $52,689.49 for 163.18 hours of attorney work performed by its outside counsel, four attorneys at the law firm Faegre Baker Daniels, LLP ("FBD"), according to the following hourly rates: Ryan Hurley - $378 per hour; Stephanie Boxell - $312 per hour; Emily Kile-Maxwell - $256 per hour; Jason Rauch - $256 per hour. (DE 133-1 at 3). Zimmer also submitted redacted invoices documenting the time the FBD attorneys spent on matters related to the motion to compel. (DE 133-2; DE 137-2). Beamalloy argues that the FBD attorneys' rates and hours spent are not reasonable and that the Court should reduce Zimmer's award accordingly.

1. Reasonable Hours

First, Beamalloy asserts that the FBD attorneys' entries regarding "discovery issues" or "deficiencies" are too vague because they do not specifically reference White's or Lazear's email accounts, equipment related to the IBED process, or the privilege log. Specifically, Beamalloy takes issue with those entries with the following descriptions: "re discovery deficiencies," "discovery issues," or "discovery disputes." (*E.g.*, DE 133-2 at 2, 16).

Zimmer's fee award is limited to the work it performed to compel the discovery of materials sought in its motion to compel. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. IP 96-1718-C-H/K, 2002 WL 1801647, at *2 (S.D. Ind. July 5, 2002) ("The court's fee award is limited, at least at this point, to work on the Bourland issues."). But it is unusual to require the sort of specificity and "issue-by-issue" documentation that Beamalloy demands. *Id*. "Even where time entries are not specific, they can be read and recalled with an eye on the calendar and the docket to make reasonable estimates of the compensable portion of the time."

9

*Id*. at *3 (citations omitted).

Here, the entries correspond to relevant events on the docket or events evidenced by the parties. For example, some of the allegedly vague entries are dated between July 18 and July 31, 2018, when Zimmer and Beamalloy were corresponding about two long-overdue productions of documents, including documents relating to the Email Discovery. (DE 131 at 2-3; DE 133-2 at 2, 4). After reviewing these productions, Zimmer realized that Beamalloy's productions exhibited additional discovery deficiencies, which Zimmer addressed in status conferences with the Court and Zimmer's motion to compel. (*E.g.*, DE 60; DE 62). Having considered the docket and the calendar of events in this case, the Court is satisfied that the entries in FBD's invoice are sufficiently specific to decipher whether they relate to Zimmer's motion to compel. *See Watkins*, 2019 WL 336674, at *5; *Cardiac Pacemakers, Inc.*, 2002 WL 1801647, at *3 (citations omitted).

Second, Beamalloy contends that the FBD attorneys spent an unreasonable amount of time strategizing, and preparing for and participating in conferences with the Court. Beamalloy's argument relies on two cases, *Catapult Communications Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040 (N.D. Ill. Aug. 25, 2009), and *Bowne of New York City, Inc*. However, the court in *Bowne of New York City, Inc.*, decided that time billed as "conferencing" was excessive because at the conferences the attorneys had discussed joint motions that were not related to the motion to compel. 161 F.R.D. at 268-69. By contrast, Beamalloy does not take issue with the reasons for the FBD attorneys' strategizing or conferencing. Furthermore, contrary to Beamalloy's assertion, the court in *Catapult Communications Corp.*, did not address whether time incurred "strategizing" or "conferencing" was reasonable. Therefore, this argument fails.

Third, Beamalloy argues that 163.18 hours of attorney work is unreasonable because the

issues in this case were not "overly complex." (DE 135 at 14). "Within the Seventh Circuit Court of Appeals, courts have reduced the hours expended—oftentimes to half or less than half—when motions to compel lack legal or factual complexity." *Marcum v. Graphic Packaging Int'l, Inc.*, No. 1:13-CV-158, 2013 WL 5406236, at *2 (N.D. Ind. Sept. 25, 2013) (citations omitted). Such a reduction may be appropriate where a memorandum merely cites a discovery rule and states why a discovery response was inappropriate, but otherwise contains little legal substance. *See, e.g.*, *id*. ("The letters do little other than cite to the appropriate discovery rule and specify why Marcum's discovery response was inappropriate."); *Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4948834, at *4 (N.D. Ind. Oct. 18, 2011) ("If a motion to compel consists primarily of facts with minimal or no citations to case law, a reduction in the number of hours expended in preparing and researching that motion is oftentimes warranted." (collecting cases)).

Here, a cursory review of Zimmer's memoranda and arguments shows that its motion to compel was not "superficial and boilerplate." *Arrington v. La Rabida Children's Hosp.*, No. 06 C 5129, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007). Zimmer submitted over seven memoranda, totaling over 60 pages, and cited caselaw on issues such as the discoverability of materials contained in third-party email accounts, the applicability of a purported proprietary privilege in this case, and whether in-house counsel can act both as a fact witness and legal advisor. (*See* DE 62; DE 66; DE 79; DE 82; DE 116; DE 118; DE 121; DE 125). Therefore, contrary to Beamalloy's argument, Zimmer adequately addressed complex legal and factual issues.

Fourth, 163.18 hours of attorney time is not unreasonable when considering that the parties have been contesting the issues in Zimmer's motion to compel since July 2018 (*see, e.g.*,

11

DE 62-4), and that the Court ordered additional briefing on certain topics (DE 92; DE 122); *see, e.g.*, *Tecnomatic, S.p.A. v. Remy, Inc.*, No. 1:11-CV-00991-SEB, 2013 WL 6665531, at *3 (S.D. Ind. Dec. 17, 2013) (finding that an award of $53,900.84 for 165.3 hours of work was reasonable).

Fifth, Beamalloy asserts that Zimmer is requesting an award for hours that were expended performing redundant or administrative issues. In determining the reasonable number of hours, the Court should exclude hours that are "excessive, redundant," *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (citation and internal quotation marks omitted), or billed for activities that are "administrative in nature," *Bratton v. Thomas Law Firm, PC*, 943 F. Supp. 2d 897, 908 (N.D. Ind. 2013). "For example, the court must disallow hours spent on tasks that would not normally be billed to a client and also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Tecnomatic, S.p.A.*, 2013 WL 6665531, at *3 (citation and internal quotation marks omitted).

Having reviewed FBD's invoice, the Court will exclude the following entries from Zimmer's fee award:

| Date | Name | Hours | Value | Description |
|---|---|---|---|---|
| 07/30/18 | S.L. Boxell | 0.40 | 156.00 | Finalize amended deposition notices and correspondence with S. Goldenberg, et al., re same and discovery dispute |
| 07/12/18 | S.L. Boxell | 0.40 | 156.00 | Study and strategize correspondence with S. Goldenberg re depositions and discovery deficiencies |
| 10/16/18 | S.L. Boxell | 0.10 | 39.00 | Correspondence with M. Renz, et al., re upcoming hearing on discovery motion |

(DE 133-2 at 4, 5, 30).

With respect to the first two entries, the Court agrees that they describe activity caused by

the motion to dismiss—that is, a "discovery dispute" or "discovery deficiencies"; however, the FBD attorneys would have strategized for and corresponded about upcoming depositions regardless of the motion to compel. Again, "[t]ime may be excluded if the work most likely would have still been performed in the absence of a motion to compel." *Maxwell v. S. Bend Work Release Ctr.*, No. 3:09-CV-008-PPS-CAN, 2010 WL 4318800, at *5 (N.D. Ind. Oct. 25, 2010) (citation omitted). "This is a close call. But the movant bears the initial burden of documenting that its hours are reasonable." *Id*. (citing *Tomazzoli v. Sheedy*, 904 F.2d 93, 96 (7th Cir. 1986)). Because these entries do not provide the Court with a way to determine which hours are excessive, the Court cannot say what portion of the hours billed are reasonably attributed to the motion to compel. *Id.* at *6 (denying a fee request with respect to a time entry that "provide[d] the Court with no way of determining how much" of the time documented was spent on time attributable to the motion to compel). Therefore, Zimmer's award will be reduced by $312 for the 0.4 hours billed on July 30, 2018, and the 0.4 hours billed on July 12, 2018. *See Hensley*, 461 U.S. at 434; *Cardiac Pacemakers, Inc.*, 2002 WL 1801647, at *2 (citations omitted).

Next, the Court finds that an entry for October 16, 2018, describes work that is "administrative in nature." *Bratton*, 943 F. Supp. 2d at 908. Correspondence with the Court's Deputy Clerk regarding "upcoming hearing on discovery motion" (DE 133-2 at 30) was "clerical in nature and [did] not require the service" of an attorney or trained paralegal, *Bratton*, 943 F. Supp. 2d at 908. Therefore, the Court will reduce Zimmer's award by $39 for the 0.1 hours of work billed on October 16, 2018.

Finally, Beamalloy requests that the Court reduce Zimmer's award to reflect the two documents in the Privilege Log Discovery that the Court determined were protected by the work-

product doctrine. Beamalloy is correct that of the 35 documents it originally claimed were protected by a proprietary privilege, and later the work-product doctrine, the Court determined that two were appropriately withheld from discovery. (DE 131 at 20). Zimmer's total requested award with respect to the Privilege Log Discovery is $16,964.63. (DE 133-1 at 4). Accordingly, the Court will reduce Zimmer's requested award with respect to the Privilege Log Discovery proportionately to the number of documents in the Privilege Log Discovery that were properly withheld: 2/35 or 5.7 percent. *Watkins*, 2019 WL 336674, at *6 (reducing an award according to the percentage of time wasted at a deposition covering issues not related to the motion to compel). Therefore, the Court will deduct $966.98 (16,964.63 x .057 = 966.98) from Zimmer's requested award.

In conclusion, the Court will deduct a total of $1,317.98 from Zimmer's requested award of $52,689.49, for a total award of $51,371.51.

2. Reasonable Rate

Beamalloy argues that the hourly rates for the FBD attorneys are unreasonably high. For each attorney, Zimmer has provided information establishing the attorney's actual rate charged to Zimmer in this case. Beamalloy argues that Zimmer must establish the reasonableness of the rates with additional evidence demonstrating that the charged rates track with those charged in the community. (DE 135 at 9 (citing *Watkins*, 2019 WL 336674, at *3)).

Beamalloy is correct that Zimmer bears the burden of demonstrating that its rates are reasonable. *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). However, where, as here, attorneys provide the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded. *Id*. at 659-60; *see Tecnomatic, S.p.A.*, 2013 WL 6665531, at *3 (citation omitted); *see also Watkins*, 2019 WL 336674, at *1.

14

"Only if an attorney is unable to provide evidence of [his or] her actual billing rates should a district court look to other evidence, including rates similar experienced attorneys in the community charge paying clients for similar work." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003) (citation and internal quotation marks omitted).

Because Zimmer provided the Court with an invoice with the hourly rate charged by the FBD attorneys, the Court need not consider any additional evidence regarding whether those rates were reasonable.[5] Therefore, Beamalloy's argument that the FBD attorneys' rates were unreasonable also fails.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Zimmer's motion for fees (DE 133), except that the Court will reduce Zimmer's requested award by $1,317.98, for a total award of $51,371.51.  Beamalloy is ORDERED to pay Zimmer $51,371.51 within 30 days.

SO ORDERED.

Dated this 27th day of June 2019.

/s/ Susan Collins<br>
Susan Collins<br>
United States Magistrate Judge

---

[5] Furthermore, Beamalloy has not adequately rebutted the presumption that the rates charged were reasonable.  Specifically, Beamalloy argues that the Southern District of Indiana in *Young v. Accounts Recovery Bureau*, No. 1:11-cv-255 WTL-DKL, 2012 WL 3764014, at *2 (S.D. Ind. Aug. 8, 2012), determined that a rate of $250 per hour was reasonable.  But the Southern District of Indiana did not reduce the attorney's rate to $250; rather, the attorney requested a rate of $250 per hour and the Court agreed that this was a reasonable rate over the defendant's objections.  *Id*.  In any event, evidence of a reasonable rate in the Southern District of Indiana "fails to adequately describe the prevailing rates in the Northern District of Indiana."  *Bratton*, 943 F. Supp. 2d at 904.